UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SVETLANA KUDINA,

                              Plaintiff,

        v.

CITIMORTGAGE, INC.,

                              Defendants.

No. C10-5887 RBL

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL DEFENDANT TO RESPOND
TO DISCOVERY AND PLAINTIFF'S
SECOND MOTION TO COMPEL CITY
MORTGAGE AND ITS ATTORNEYS

This matter has been referred to the undersigned Magistrate Judge for all discovery

matters pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1,

MJR 3 and MJR 4.

Before the Court are Plaintiff's Motion to Compel Defendant to Respond to Discovery

(ECF No. 13) and Plaintiff's Second Motion to Compel CityMortgage and its Attorneys (ECF

No. 19).

After reviewing Plaintiff's submissions and the responses provided by Defendant, it is

apparent that Plaintiff has failed to comply in good faith with the requirement to meet and confer

ORDER DENYING DISCOVERY MOTIONS - 1

to resolve all discovery issues before bringing the matter to this Court for resolution. Therefore, Plaintiff's motions are DENIED.

The first sentence in this Court's order regarding discovery was that "All discovery matters should be resolved by agreement if possible." (ECF No. 11, Minute Order Regarding Discovery and Depositions.) In that order the Court also noted that the conduct of the parties in pretrial matters should be guided by the provisions of the Code of Pre-Trial Conduct published by the American College of Trial Lawyers. (<u>Id.</u>) Among other things, that Code sets forth the following requirement for discovery practice:

> (4)    When a discovery dispute arises, opposing lawyers must attempt to resolve the dispute by working cooperatively together. Lawyers should refrain from filing motions to compel or for court intervention unless they have generally tried, but failed, to resolve the dispute through all reasonable avenues of compromise and resolution.

Although Plaintiff is representing herself pro se this does not relieve her of the responsibility of complying with this Code of Conduct, as she was ordered to do so by the Court.

Fed. R. Civ. P. 37(a) provides that no party shall move for an order compelling disclosure or discovery unless the moving party includes a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

Plaintiff filed her initial motion to compel discovery on April 13, 2011. Her motion was filed approximately one week after the discovery was due. The motion was not accompanied by any certification that Plaintiff had attempted in good faith to resolve the matter (<u>see</u> ECF No. 13). After Defendant pointed out that Plaintiff had failed to comply with the certification requirement (ECF No. 15, page 1), Plaintiff filed a certification on April 25, 2011, certifying that she attempted to obtain relief without court action by calling defense counsel on March 10, 2011

(ECF No. 16).  It is noted that Plaintiff made this call before discovery was even due – just one week after it had been mailed, and before she had received any responses.  This is insufficient.

Plaintiff's second motion reiterates her first motion, with added fervor.  Plaintiff accuses defense counsel of "deceit" (page 3), "glaring intentional misrepresentation" and "malfeasance" (ECF No. 19).  Because defense counsel noted that he was on vacation during the one day that Plaintiff called she notes "ostensibly he has a whole office of associates and fellow partners that could have provided a legitimate response to the request for discovery."

The requirement that parties and their representatives meet and confer to resolve discovery disputes is not simply an invitation to engage in name calling and accusations.  Sometimes legitimate disputes regarding specific issues require the intervention of the court to resolve matters that arise during discovery.  There is nothing in this record to indicate that Plaintiff has made any meaningful attempt to resolve these issues with defense counsel.  Therefore, the motions are DENIED.

It should be noted that a motion to compel discovery pursuant to Fed. R. Civ. P. 37 should specify a particular interrogatory or interrogatories submitted under Fed. R. Civ. P. 33 or by identifying a particular response to a request for production under Fed. R. Civ. P. 34 that fails to meet discovery requirements.  See 37(a)(3)(B)(iii)-(iv).  Plaintiff has done neither.  Instead, Plaintiff has simply submitted two motions and attached the discovery requests and responses.  This is insufficient.  Unless either party can demonstrate on a specific discovery request that there is a legitimate dispute requiring court intervention, no order compelling discovery will issue.  The Court reserves the right to award attorney fees and costs in the event the parties are unable to resolve these disputes and require further court intervention.

ORDER DENYING DISCOVERY MOTIONS - 3

In order to promote future meaningful discovery conferences between the parties, the Court offers several points for the parties to consider:

First, while the responding party has the option of producing business records in response to interrogatories (Fed. R. Civ. P. 33(d)), the responding party is required to indicate which documents correspond with the documents requested in the request for production (Fed. R. Civ. P. 34(b)). Although Plaintiff and Defendant both report that Defendant produced documents, it is unclear whether Defendant has complied with this requirement.

Second, Fed. R. Civ. P. 36 allows litigants to request admissions as to a broad range of matters including ultimate facts. If a party fails to admit or deny, and fails to provide a reasonable explanation for doing so, then the answer is insufficient and the requesting party may move the court for an order either that the matter is admitted or that an amended answer to served. Fed. R. Civ. P. 36(a)(6). In the motion presented to this Court, Plaintiff complains that Defendant denied Request for Admission No. 4, which stated: "The debtor had without exception timely paid every payment in full as it becomes due from June 1, 2008, to the present." See ECF No. 13, page 4. Plaintiff then claims that this is evasive. It is not. Defendant raised no objection. Defendant did not obfuscate nor claim that it lacked knowledge or information. Defendant simply denied the Request for Admission. She also claims that this is based on a "mistaken factual premise." Presumably, this means she disagrees with Defendant's conclusion. There is no requirement that the parties agree. Thus, the burden is now placed on the Plaintiff to prove otherwise. Fed. R. Civ. P. 37(c)(2) provides in part:

> ***Failure to Admit***. If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or a matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses,

including attorney's fees, incurred in making that proof. The court must so order unless:

    (A)   The request was held objectionable under Rule 36(a);

    (B)   The admission sought was of no substantial importance;

    (C)   The party failing to admit had a reasonable ground to believe it might prevail on the matter; or

    (D)   There was other good reason for the failure to admit.

Plaintiff apparently believes that she can prove the matter that Defendant has denied. Defendant apparently believes that it can prove otherwise. Trials are sometimes necessary to resolve these disputed facts. Therefore, Plaintiff will be required to prove this fact at trial. If the Court believes that the matter should have been admitted, then the Rules contemplate that the offending party can be required to pay reasonable expenses, including attorney's fees in making the proof. Now is not the time for such an award.

Finally, it should be noted that the Court has previously issued a Minute Order regarding Discovery and Depositions (ECF No. 11). The parties are encouraged to carefully review that Order again. As this matter has now been referred to the undersigned for purposes of resolving discovery issues, it should be noted by both parties that should either side request a joint call to chambers for an expedited ruling by telephone conference, then this request should be made to the undersigned, rather than the District Judge. Chambers phone number is (253) 882-3780.

DATED this 21st day of June, 2011.

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING DISCOVERY MOTIONS - 5