HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SVETLANA KUDINA,

                Plaintiff,

     v.

CITIMORTGAGE, INC., et al.,

                Defendants.

No. CV10-5887RBL

ORDER ON CROSS MOTIONS FOR
SUMMARY JUDGMENT
[Dkt. #s 24 & 29]

      This matter is before the Court on the following Motions: Plaintiff's Motion for Summary Judgment [Dkt. #24] and Defendant's Cross Motion for Summary Judgment [Dkt. #29].

      The Plaintiff is an apparently in-default debtor. She alleges that her lender (CitiMortgage) engaged in a fraudulent foreclosure. This case differs from more typical foreclosure cases in that the Plaintiff apparently made some portion of her monthly payments to her lender. She unilaterally decided to begin paying her property taxes and insurance directly to the taxing authority and the insurance company, rather than into an escrow account as required by the terms of her loan documents.

      Plaintiff did so because the lender notified her that the monthly escrow payment was increasing, due to increased property taxes. Plaintiff did not agree that her property taxes should increase, and she apparently successfully challenged her assessment. Nevertheless, she admits she refused to make the required escrow payments in the meantime. Plaintiff claims she made all required payments, and that she was not in default. She also claims that CitiMortgage has failed to respond to her discovery, and seeks sanctions as a result. Plaintiff has moved for

ORDER - 1

summary judgment, seeking an injunction quieting title in the Plaintiff, compensatory damages in excess of $75,000, punitive damages, and an award of costs.

Defendant also seeks summary judgment. It argues first that Plaintiff has failed to invoke the subject matter jurisdiction of this court because the amount in controversy is less than $75,000. Citimortgage argues that the amount in controversy is actually more like the approximately $12,000 difference between what Plaintiff paid and what CitiMortgage claims she owed.

CitiMortgage also argues that Plaintiff's substantive claims fail as a matter of law; Plaintiff admittedly failed to make full monthly payments on her mortgage for more than two years. It argues, and demonstrates, that Plaintiff's loan required her to make monthly tax and insurance payments into an escrow account. It demonstrates that in April 2009, Plaintiff sought to cancel her escrow account. CitiMortgage explained why it would not do so at that time, and provided options and suggestions as to how Plaintiff could qualify to have her escrow account cancelled. [*See* Russelburg Dec. Dkt. #30, at Ex. 11].

Nevertheless, Plaintiff failed to take those steps, and instead simply stopped paying into the escrow account. CitiMortgage applied subsequent monthly payments in accordance with the contract, which (unsurprisingly) had the effect that plaintiff fell further and further behind on her mortgage. CitiMortgage sent plaintiff repeated Notices of Default and letters demanding that she pay the deficiency.

**Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not

affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

### Plaintiff has invoked the court's subject matter jurisdiction.

It is not clear that the amount in controversy is $75,000, but it is clear that Plaintiff has sought to allege claims under the Fair Debt Collection Practices Act (FDCPA) and has raised a Federal Question. 28 U.S.C. §1331. The Court has subject matter jurisdiction over the Plaintiff's claims.

### Plaintiff is not entitled to an injunction.

To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376 (2008).

Traditionally, injunctive relief was also appropriate under an alternative "sliding scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). However, the Ninth Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*. *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable").

Plaintiff has not and cannot establish at least the first, third, or fourth element of her claim for an injunction. Presumably she can demonstrate that she will be irreparably harmed if the foreclosure proceeds. But as the Defendant argues, that is entirely her own fault; she knowingly and consciously stopped paying the full amount of her mortgage despite the terms of her contract and despite being told repeatedly that she did not qualify to have her escrow account closed.

For that reason, Plaintiff has not and cannot show that she is likely to succeed on the merits of her claim. Because the terms of the contract were clear, and it is clear that Plaintiff was aware of the consequences of her unilateral attempt to modify them, the balance of equities tips sharply in CitiMortgage's favor.

The final factor is the public interest. While it is true that the public has an interest in ensuring that foreclosures are done properly, Plaintiff has made no showing whatsoever that any impropriety occurred in this case. On the other hand, it is abundantly clear that the public has a broad interest in resolving the unfortunately vast array of in-default loans adversely affecting every bank in the country. Enjoining facially legitimate foreclosure sales is not in the public interest; in fact, just the opposite is true.

Plaintiff's claim for an injunction is DENIED.

**Plaintiff is not entitled to summary judgment on her remaining claims.**

For the same reasons, Plaintiff's Motion for summary Judgment on her remaining claims (fraud and negligence) is DENIED. Plaintiff's Motion concedes she signed the loan documents, and concedes that she received notice of the increase in the escrow payment amount in 2009. Plaintiff affirmatively states that she unilaterally attempted to cancel the escrow account (because she did not agree with her tax assessment increase), and admits that she then stopped paying the full, agreed-upon mortgage payment amount. Her materials do not address CitiMortgage's primary claim: the loan documents did not permit her to do so, and her decision to do so anyway is a breach of her contract. Even construing her pro se materials liberally, Plaintiff has not even begun to establish the elements of a negligence, and much less a fraud claim. Plaintiff's Motion for Summary Judgment is therefore DENIED.

Plaintiff's claim that CitiMortgage failed to respond to her discovery does not change these core facts. Her motion for sanctions for that failure is similarly DENIED.

**Defendant's Motion for Summary Judgment is GRANTED.**

For these same reasons, Defendant's Motion for Summary Judgment, seeking dismissal of Plaintiff's fraud, negligence and Injunction claims as a matter of law, is GRANTED. Plaintiff has not established the viability of these claims, and, in light of the undisputed facts regarding

her contract and her choice to fail to comply with it, she cannot do so. Plaintiff's claims against CitiMortgage are therefore DISMISSED with prejudice. Any other pending Motions are DENIED as MOOT.

**IT IS SO ORDERED.**

Dated this 26th day of October, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE