HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SVETLANA KUDINA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITIMORTGAGE INC,<br><br>　　　　　　Defendant. | CASE NO. C10-5887 RBL<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY<br><br>[Dkt. #54] |

　　　　THIS MATTER is before the Court on Plaintiff Kudina's Motion to stay collection efforts. [Dkt. # 54]. The Court previously dismissed Kudina's claims on the merits [Dkt. #47] and Plaintiff appealed [Dkt. # 48] Kudina now asks the Court to stay (or enjoin) CitiMortgage from asserting that she is not paying her mortgage according to its terms, and from calculating her indebtedness in a manner that shows she is in arrears.

　　　　CitiMortgage correctly argues that Kudina essentially seeks an injunction, and correctly argues that she is not entitled to such relief.

　　　　To obtain an injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S.

ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTION- 1

Ct. 365, 376 (2008).  Traditionally, injunctive relief was also appropriate under a "sliding scale" test.  *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008).  However, the Ninth Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter v. American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable").  None of the elements have been met.

Kudina cannot meet her initial burden of demonstrating the likelihood of success on the merits.  She admits she knowingly and consciously did not pay the full amount of her mortgage despite knowing the terms of her agreement and despite being told repeatedly that she could not close her escrow account. The terms of the contract were clear, and it is clear that Kudina was aware of the consequences of her unilateral attempt to modify them.  The Court dismissed her claims because they were without merit.

Kudina's Motion to Stay, construed as a motion for an injunction, is **DENIED.**

**IT IS SO ORDERED.**

Dated this 10th day of December, 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE